**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CLEARBROOK, an Illinois corporation,   ) | |
| )  | FILED: MAY 8, 2008 |
| Plaintiff,   ) | 08CV2653  TD |
| ) | JUDGE GETTLEMAN |
| v.   ) | MAGISTRATE JUDGE KEYS |
| TEMPERATURE EQUIPMENT   ) | |
| CORPORATION, doing business as   ) | |
| HARRY ALTER CO., and JOHN DOES   ) | |
| 1-10   ) | |
| ) | |
| Defendants   ) | |

## NOTICE OF REMOVAL

Defendant, TEMPERATURE EQUIPMENT CORPORATION, doing business as HARRY ALTER CO. ("TEC"), through its undersigned attorneys, DONALD S. ROTHSCHILD and BRIAN M. DOUGHERTY, pursuant to 28 U.S.C. §§ 1446 and 1453(b), hereby removes the above-captioned action, pending in the Circuit Court of Cook County, as Case No. 08 CH11638, to the Untied States District Court for the Northern District of Illinois.  Removal is based upon 28 U.S.C. §§ 1331 and 1441.

As grounds for removal, TEC states as follows:

1.     On March 27, 2008, Plaintiff Clearbrook, on behalf of itself and purportedly for a class of those similarly situated, filed a complaint with the Circuit Court of Cook County, Illinois (the "State Court Case").  The State Court Case was given Case No.08 CH 11638.

2.     The State Court Case alleges a violation of the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"), violation of the Illinois Consumer Fraud

1

Action ("ICFA"), 815 ILCS 505/2, *et seq.*, and a common law claim for conversion.  A true copy of the Summons and Complaint, together with its exhibits, are attached hereto as **EXHIBIT A**.  Specifically, the State Court Case alleges that TEC violated § 227(b)(1)(C) of the TCPA by sending an unsolicited facsimile.  Plaintiff further alleges that § 227(b)(3) provides Plaintiff with a private right of action for violations of the TCPA.

3.    On April 8, 2008, a copy of the Complaint and Summons was served on TEC. This Notice of Removal is being filed within 30 days of TEC's receipt of the Complaint and Summons.  28 U.S.C. § 1446(b).

4.    This Court has original jurisdiction over the State Court Case and the putative class because it arises under the laws of the United States, specifically the TCPA.  28 U.S.C. § 1331.  In the State Court Case, Plaintiff seeks recovery under the TCPA, a federal statute.  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

5.    This Court is situated in the district and division serving the location of the action pursuant to 28 U.S.C. § 1446(a).

6.    This Court possesses removal jurisdiction under 28 U.S.C. § 1441.  TCPA actions may be removed because a claim that a business violated the TCPA is a claim under federal law.  *See Brill* at 449.

7.    This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims because they are so related to the TCPA claim that they form part of the same cause or controversy.  *See* 28 U.S.C. § 1367.  Supplemental jurisdiction should not be refused, as Plaintiff's claims raise no novel or complex issue of state law, nor do Plaintiff's state or common law claims predominate over its federal claim.  *See* 28 U.S.C. § 1367(c).

2

8.    TEC is the only named defendant and the only defendant to have been served.   Purported Defendants "John Doe Nos. 1-10" are unknown even to Plaintiff, and have not been served, nor any other summons issued.

9.    TEC has also filed its "Notice of Filing Notice of Removal" with the Circuit Court of Cook County.  A true copy of the Notice is attached hereto as **EXHIBIT B** and will be served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

10.    This Notice of Removal is signed in compliance with Fed. R. Civ. Pr. 11.  28 U.S.C. § 1446(a).

11.    In the event Plaintiff moves for remand, or this Court considers remand *sua sponte*, TEC respectfully requests the opportunity to submit supplemental authority, evidence and argument in support of removal, as may be appropriate.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of Illinois, as an action properly removed thereto.

Respectfully submitted,

TEMPERATURE EQUIPMENT
CORPORATION , doing business
as HARRY ALTER CO.,


By ___/s/ Donald S. Rothschild___
One of its attorneys

Donald S. Rothschild
Brian M. Dougherty

3

Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

## CERTIFICATE OF SERVICE

The undersigned, Donald S. Rothschild, an attorney, certifies that pursuant to Local Rule 5.5(b), the individuals named below were served with a copy of the **Notice of Removal** via hand delivery and U.S. mail, postage pre-paid on May 8, 2008 before 5:00 p.m.

***Via First Class Mail***
Daniel A. Edelman
Michell R. Teggelaar
Julie Clark
Heather A. Kolbus
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603

***Via Hand Delivery***
Clerk of the Circuit Court
Cook County, Illinois
Richard Daley Center
50 W. Washington Street, Room 802
Chicago, IL 60602

_____ /s/ Donald S. Rothschild _____

369842.1

4

08CV2653   TD
JUDGE GETTLEMAN
MAGISTRATE JUDGE KEYS

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 (          ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, Chancery _____ DIVISION

EXHIBIT
tabbies
A

(Name all parties)

CLEARBROOK, an Illinois Corporation,

_____

v.

TEMPERATURE EQUIPMENT CORPORATION,
d/b/a HARRY ALTER CO., and JOHN DOES 1-10,

_____

No. **08CH11638**

Temperature Equipment Corporation
d/b/a Harry Alter Co.
c/o KENNETH J NEMEC JR
835 MCCLINTOCK DR 2ND FLR
BURR RIDGE, IL 60527

### SUMMONS

To each Defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐  District 2 - Skokie          ☐  District 3 - Rolling Meadows          ☐  District 4 - Maywood
    5600 Old Orchard Rd.            2121 Euclid                              1500 Maybrook Ave.
    Skokie, IL 60077               Rolling Meadows, IL 60008                Maywood, IL 60153

☐  District 5 - Bridgeview       ☐  District 6 - Markham                  ☐  Child Support
    10220 S. 76th Ave.             16501 S. Kedzie Pkwy.                    28 North Clark St., Room 200
    Bridgeview, IL 60455          Markham, IL 60426                        Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date. MAR 27 2008

Atty. No.: 41106

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle Street

City/State/Zip: Chicago, IL 60603

Telephone: 312.739.4200

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _4/8/8_____, _____
(To be inserted by officer on copy left with defendant or other person)

(312)   419-0379
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

117-001178

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| CLEARBROOK, an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TEMPERATURE EQUIPMENT | ) | **08CH11638** |
| CORPORATION, | ) | |
| doing business as HARRY ALTER CO., | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT – CLASS ACTION

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

1.      Plaintiff Clearbrook, an Illinois corporation, brings this action to secure redress for the actions of defendant Temperature Equipment Corporation, doing business as Harry Alter Co., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.     Plaintiff Clearbrook  is a corporation with offices in Cook County, Illinois, where it maintains telephone facsimile equipment.

4.     Defendant Temperature Equipment Corporation is a Illinois corporation that does business as Harry Alter Company.  It has offices at 17725 Volbrecht Road, Lansing, Illinois 60438.

5.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b.     Have transacted business in Illinois.

    c.     Are located in Illinois.

## FACTS

7.     During the year prior to the filing of this action, plaintiff Clearbrook received the unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

8.     Discovery may reveal the transmission of additional faxes as well.

9.     Defendant Temperature Equipment Corporation is responsible for sending or causing the sending of the faxes.

10.     Defendant Temperature Equipment Corporation, as the entity whose

2

products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11.     Each fax refers to a website used by defendant Temperature Equipment Corporation.

12.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13.     The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

14.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

15.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

16.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

17.     Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

18.     Plaintiff incorporates ¶¶ 1-17.

19.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

3

20.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

22.     Plaintiff and each class member is entitled to statutory damages.

23.     Defendants violated the TCPA even if their actions were only negligent.

24.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of

4

defendant Temperature Equipment Corporation promoting its goods or services for sale (d) and

who were not provided an "opt out" notice as described in 47 U.S.C. §227.

26.    The class is so numerous that joinder of all members is impractical.

Plaintiff alleges on information and belief that there are more than 40 members of the class.

27.    There are questions of law and fact common to the class that predominate

over any questions affecting only individual class members.  The predominant common

questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax

advertisements;

b.    The manner in which defendants compiled or obtained their list of

fax numbers;

c.    Whether defendants thereby violated the TCPA;

d.    Whether defendants thereby engaged in unfair acts and practices,

in violation of the ICFA.

e.    Whether defendants thereby converted the property of plaintiff.

28.    Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has retained counsel experienced in handling class actions and claims involving

unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which

might cause them not to vigorously pursue this action.

29.    A class action is an appropriate method for the fair and efficient

adjudication of this controversy.  The interest of class members in individually controlling the

prosecution of separate claims against defendants is small because it is not economically feasible

to bring individual actions.

30.     Several courts have certified class actions under the TCPA. <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc.</u>, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v. C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); <u>ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.</u>, 50 P.3d 844 (Ariz. App. 2002); <u>Core Funding Group, LLC v. Young</u>, 792 N.E.2d 547 (Ind.App. 2003); <u>Nicholson v. Hooters of Augusta, Inc.</u>, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see <u>State of Texas v. American Blast Fax, Inc.</u>, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

31.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.      Actual damages;

b.      Statutory damages;

c.      An injunction against the further transmission of unsolicited fax advertising;

d.      Costs of suit;

e.      Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

32.     Plaintiff incorporates ¶¶ 1-17.

33.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2,

815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

34.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

35.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

36.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

37.    Defendants engaged in such conduct in the course of trade and commerce.

38.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

39.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

40.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

41.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Temperature Equipment Corporation promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

42.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.    Whether defendants thereby converted the property of plaintiff.

44.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45.    A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

46.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Attorney's fees, litigation expenses and costs of suit;

d.    Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

47.    Plaintiff incorporates ¶¶ 1-17.

48.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

49.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

50.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

9

51.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

52.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

53.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

54.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Temperature Equipment Corporation promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

55.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

56.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby committed the tort of conversion;

10

      d.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      e.      Whether defendants thereby converted the property of plaintiff.

57.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

58.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

59.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.      Appropriate damages;

      b.      An injunction against the further transmission of unsolicited fax advertising;

      c.      Costs of suit;

      d.      Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

11

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\21181\Pleading\Complaint -- DAE_Pleading.wpd

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

# EXHIBIT A



## Payne 10 Year Limited Warranty

Effective 3/1/2008, Payne Heating and Cooling is introducing a 10-year parts limited warranty to the products registered by calling 1-888-417-2963 or online at www.payne.com within 90 days of homeowner purchase. Payne warranties are only valid to the original single-family homeowner at the time of Payne equipment installation.  Please encourage your dealers to assist homeowners in registering their Payne products to activate the 10-year warranty!  Products not registered within 90 days of purchase will carry only the default 5-year parts limited warranty to the original homeowners.

Equipment in factory, distributor and dealer inventory will qualify for the 10-year warranty if the product is registered by calling 1-888-417-2963 or online at www.payne.com within 90 days of homeowner purchase following the March 1, 2008 effective date.

| Product Description | Product Family | Warranty Card Catalog Number |
|---|---|---|
| Air Conditioners & Heat Pumps | PA13, PA3, PA14, PA4, PH13, PH3, PH14, PH4 | 39004DP337 |
| 80% Gas Furnaces | PG8 | 39004DP338 |
| 90% Gas Furnaces | PG9 | 39004DP339 |
| Small Packaged Products | PA3P, PH3P, PY3P PA3Z, PH3Z | 39004DP336 |

Only Tin-Plated evaporator and fan coils will carry a 10 year warranty.

## PAYNE EQUIPMENT IS BUILT TO LAST

# VERY ATTRACTIVE PRICING TO THE TRADE

### Please call the Harry Alter location nearest you to place your orders today !

If you wish to be excluded from future fax advertisement, please send an email to TECMarketing@tecmungo.com or call 708-418-7962 identifying the relevant fax number that is to be removed from future advertisements

### Please visit one of our 15 convienient locations

| | | | | |
|---|---|---|---|---|
| Alsip 708-371-9711 | Elgin 847-429-0818 | Lansing 708-418-3062 | Melrose Park 708-681-6220 | Rockford 815-397-1818 |
| Chicago NW Hwy 773-775-6561 | Elk Grove Village 847-952-1017 | Libertyville 847-918-2160 | Naperville 630-305-3800 | South Bend, IN 574-289-6356 |
| Chicago Oakley 312-243-4133 | Joliet 815-730-0336 | Lyons 708-442-9542 | Northfield 847-446-4343 | Valparaiso, IN 219-531-9444 |

From: Origin ID: BDFA (630)655-6000
Julia McConville
GOLDSTINE ET AL LAW OFFICES
835 MCCLINTOCK DR STE 200

BURR RIDGE, IL 60527



Ship Date: 08APR08
ActWgt 1.25
System#: 5878254/INET8010
Account#: S ********

SHIP TO: 7084180900    BILL SENDER
**Raymond F. Mungo, President**
**Temperature Equipment Corporation**
**PERSONAL AND CONFIDENTIAL**
**17725 Volbrecht Road**
**Lansing, IL 60438**

Delivery Address Bar Code



Ref #   KJN/TEC/9513-2
Invoice #
PO #
Dept #

**CONFIDENTIAL**



TRK# 7904 8816 2887
0201

WED - 09APR    A2
**STANDARD OVERNIGHT**

# 79 JOTA

60438
IL-US
ORD



---

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**Julia R. McConville**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Wednesday, April 09, 2008 9:05 AM |
| **To:** | Julia R. McConville |
| **Subject:** | FedEx Shipment 790488162887 Delivered |

---

This tracking update has been requested by:

| | |
|---|---|
| Company Name: | GOLDSTINE ET AL LAW OFFICES |
| Name: | Julia McConville |
| E-mail: | jrm@gsrnh.com |

---

Our records indicate that the following shipment has been delivered:

| | |
|---|---|
| Reference: | KJN/TEC/9513-2 |
| Ship (P/U) date: | Apr 8, 2008 |
| Delivery date: | Apr 9, 2008 9:00 AM |
| Sign for by: | J.PANICI |
| Delivered to: | Receptionist/Front Desk |
| Service type: | FedEx Standard Overnight |
| Packaging type: | FedEx Envelope |
| Number of pieces: | 1 |
| Weight: | 0.50 lb. |
| Special handling/Services: | Deliver Weekday |
| | |
| Tracking number: | 790488162887 |

| Shipper Information | Recipient Information |
|---|---|
| Julia McConville | Raymond F. Mungo, President |
| GOLDSTINE ET AL LAW OFFICES | Temperature Equipment |
| 835 MCCLINTOCK DR STE 200 | Corporation |
| BURR RIDGE | PERSONAL AND CONFIDENTIAL;17725 |
| IL | Volbrecht Road |
| US | Lansing |
| 60527 | IL |
| | US |
| | 60438 |

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 9:05 AM CDT
on 04/09/2008.

To learn more about FedEx Express, please visit our website at <u>fedex.com</u>.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above,
or visit us at <u>fedex.com</u>.

This tracking update has been sent to you by FedEx on the behalf of the
Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of the
request, the requestor's message, or the accuracy of this tracking update. For

tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

4/9/2008

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| CLEARBROOK, an Illinois corporation, | ) | 08CV2653       TD |
| | ) | JUDGE GETTLEMAN |
| Plaintiff, | ) | MAGISTRATE JUDGE KEYS |
| | ) | |
| v. | ) No. 08 CH 11638 | |
| | ) | |
| TEMPERATURE EQUIPMENT | ) | |
| CORPORATION, doing business as | ) | |
| HARRY ALTER CO. and JOHN DOES | ) | |
| 1-10 | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

To:  Clerk of the Circuit Court        Daniel A. Edelman
     Cook County, Illinois            Michell R. Teggelaar
     Richard Daley Center            Julie Clark
     50 W. Washington Street,        Heather A. Kolbus
     Room 802                       Edelman, Combs, Latturner & Goodwin, LLC
     Chicago, IL 60602              120 S. LaSalle Street, 18th Floor
                                    Chicago, IL 60603

PLEASE TAKE NOTICE that on May 8, 2008, Defendant TEMPERATURE EQUIPMENT CORPORATION, doing business as HARRY ALTER CO. ("TEC"), a corporation, filed in the United States District Court for the Northern District of Illinois, Eastern Division, a Notice of Removal of the cause styled: *Clearbrook v. Temperature Equipment Corporation, doing business as Harry Alter Co. and John Does 1-10*, bearing Case No. 08 CH 11638, Circuit Court of Cook County, Illinois, Chancery Division, from Illinois state court to the District Court of the United States for the Northern District of Illinois, Eastern Division, a true and correct copy of which is attached hereto.

PLEASE TAKE FURTHER NOTICE that the filing of the Notice of Removal in the United States District Court for the Northern District of Illinois and the filing of this Notice effect the removal of this action, and the above-captioned action may proceed no further in the Circuit Court of Cook County, Illinois, Chancery Division unless and until the case is remanded.



Dated: May 8, 2008

Respectfully submitted,

TEMPERATURE EQUIPMENT
CORPORATION, doing business as
HARRY ALTER CO.,

By: _Donald S. Rothschild_

One of its attorneys

Donald S. Rothschild
Brian M. Dougherty
Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
(630) 655-6000

## CERTIFICATE OF SERVICE

The undersigned, Donald S. Rothschild, an attorney, certifies pursuant to Section 1-109 of the Code of Civil Procedure, that the individuals named below where served with a copy of the **Notice of Filing Notice of Removal** via U.S. mail, postage pre-paid on May 8, 2008 before 5:00 p.m.

Daniel A. Edelman
Michell R. Teggelaar
Julie Clark
Heather A. Kolbus
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603

Clerk of the Circuit Court
Cook County, Illinois
Richard Daley Center
50 W. Washington Street, Room 802
Chicago, IL 60602

_Donald S. Rothschild_

Attorney for Temperature
Equipment Corporation d/b/a
Harry Alter Co.

369843.1