**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLEARBROOK, an Illinois corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 08 C 2653 |
| | ) | |
| TEMPERATURE EQUIPMENT | ) | Judge Gettleman |
| CORPORATION, an Illinois corporation, | ) | |
| doing business as HARRY ALTER CO., | ) | Magistrate Judge Keys |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TEMPERATURE EQUIPMENT CORPORATION'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO COUNT I OF COMPLAINT**

NOW COMES Defendant, TEMPERATURE EQUIPMENT CORPORATION, doing business as HARRY ALTER CO., by and through its attorneys, GOLDSTINE, SKRODZKI, RUSSIAN, NEMEC AND HOFF, LTD., and DONALD S. ROTHSCHILD and BRIAN M. DOUGHERTY, and for its ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF COMPLAINT, states as follows:

**INTRODUCTION**

1.      Plaintiff, Clearbrook, an Illinois corporation, brings this action to secure redress for the actions of defendant Temperature Equipment Corporation, doing business as Harry Alter Co., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

**ANSWER:**      Defendant only admits that Clearbrook is an Illinois corporation and denies the remaining allegations.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the

unsolicited faxes.

> **ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## PARTIES

3.     Plaintiff Clearbrook is a corporation with offices in Cook County, Illinois, where it maintains telephone facsimile equipment.

> **ANSWER:**   Defendant only admits that Plaintiff Clearbrook is a corporation with offices in Cook County, Illinois and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

4.     Defendant Temperature Equipment Corporation is an Illinois corporation that does business as Harry Alter Company.  It has offices at 17725 Volbrecht Road, Lansing, Illinois 60438.

> **ANSWER:**   Defendant admits the allegations in paragraph 4.

5.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

> **ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## JURISDICTION AND VENUE

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.
b.     Have transacted business in Illinois.
c.     Are located in Illinois.

> **ANSWER:**   Defendant denies the allegations in paragraph 6.a.  Defendant admits the allegations in paragraphs 6.b. and 6.c.

## FACTS

7.     During the year prior to the filing of this action, plaintiff Clearbrook received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

> **ANSWER:**   Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations.

8.    Discovery may reveal the transmission of additional faxes as well.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

9.    Defendant Temperature Equipment Corporation is responsible for sending or causing the sending of the faxes.

**ANSWER:**    Defendant only admits to sending Exhibit A and denies the remaining allegations.

10.    Defendant Temperature Equipment Corporation, as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**ANSWER:**    Defendant denies the allegations in paragraph 10.

11.    Each fax refers to a website used by defendant Temperature Equipment Corporation.

**ANSWER:**    Defendant admits the allegations in paragraph 11.

12.    Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

**ANSWER:**    Defendant denies the allegations in paragraph 12.

13.    The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

**ANSWER:**    Defendant only admits that Exhibit A had a "remove" number at the bottom. Defendant denies that the "remove" number is associated with the mass broadcasting of advertising faxes.

14.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

**ANSWER:**    Defendant denies the allegations in paragraph 14.

15.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**ANSWER:**    Defendant denies the allegations in paragraph 15.

16.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER:**     Defendant denies the allegations in sentence one.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in sentence two.

17.     Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

**ANSWER:**     Defendant denies the allegations in paragraph 17 as it calls for a legal conclusion.

## COUNT I - TCPA

18.     Plaintiff incorporates ¶¶ 1-17.

**ANSWER:**     Defendant adopts and incorporates by reference its answers to paragraphs 1 through 17 as if fully re-stated herein.

19.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. § 227(b)(1)(C).

**ANSWER:**     Defendant denies the allegations in paragraph 19 as it calls for a legal conclusion.

20.     The TCPA, 47 U.S.C. § 227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     an action to recover for actual monetary loss from such     a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**ANSWER:**    Defendant denies the allegations in paragraph 20 as it calls for a legal conclusion.

21.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

**ANSWER:**    Defendant denies the allegations in paragraph 21.

22.    Plaintiff and each class member is entitled to statutory damages.

**ANSWER:**    Defendant denies the allegations in paragraph 22.

23.    Defendants violated the TCPA even if their actions were only negligent.

**ANSWER:**    Defendant denies the allegations in paragraph 23.

24.    Defendants should be enjoined from committing similar violations in the future.

**ANSWER:**    Defendant denies the allegations in paragraph 24.

## CLASS ALLEGATIONS

25.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of Defendant Temperature Equipment Corporation promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. § 227.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

26.    The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:**    Defendant denies the allegations in paragraph 26.

27.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;
b.    The manner in which defendants compiled or obtained their list of fax numbers;
c.    Whether defendants thereby violated the TCPA;
d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA;
e.    Whether defendants thereby converted the property of plaintiff.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

28.    Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

29.    A class action is an appropriate  method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

30.    Several courts have certified class actions under the TCPA.  *Travel 100 Groups, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., October 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., September 30, 2005); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind. App. 2003); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see *State of Texas v. American Blast Fax, Inc.*, 164 F. Supp. 2c 892 (W.D Tex. 2001) (state enforcement action).

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

31.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.

WHEREFORE, Defendant, TEMPERATURE EQUIPMENT CORPORATION, doing business as HARRY ALTER CO., respectfully requests that this Court enter judgment in its favor, with costs assessed, and award all other relief this Court deems equitable and just.

## COUNT II

No answer is required since Defendant filed a motion to dismiss directed at Count II.

## COUNT III

No answer is required since Defendant filed a motion to dismiss directed at Count III.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### "Established Business Relationship" under TCPA

1.      Plaintiff and TEC have an established business relationship.

2.      Plaintiff purchased goods from TEC and also consented to the receipt of faxes from TEC.

3.      Plaintiff never contacted TEC to inform it that it did not wish to receive any future fax advertisements from TEC.

4.      Thus, Count I is barred since the parties had an "established business relationship" as defined under the TCPA.

### Second Affirmative Defense
### Waiver and Estoppel

1.      Plaintiff and TEC have an established business relationship.

2.      Plaintiff purchased goods from TEC and also consented to the receipt of faxes from

TEC.

      3.     Plaintiff never contacted TEC to inform it that it did not wish to receive any future fax advertisements from TEC.

      4.     Thus, Count I is barred by the doctrines of waiver and estoppel.

                                             Respectfully submitted,

                                           TEMPERATURE EQUIPMENT
                                           CORPORATION, doing business as
                                           HARRY ALTER CO.

                                           By:  /s/ Donald S. Rothschild
                                                    One of Its Attorneys

Goldstine, Skrodzki, Russian,
   Nemec and Hoff, Ltd.
Donald S. Rothschild
Brian M. Dougherty
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
630/655-6000

## CERTIFICATE OF SERVICE

I, Donald S. Rothschild, an attorney, certify that I served a copy of ***Defendant Temperature Equipment Corporation's Answer and Affirmative Defense to Count I of Complaint*** was filed with the United States District Court via electronic submission through CM/ECF and was served on all registered participants on May 15, 2008.

\_\_\_\_\_/s/ Donald S. Rothschild\_\_\_\_\_
Attorney for Defendant
Temperature Equipment Corporation

Donald S. Rothschild
Brian M. Dougherty
GOLDSTINE, SKRODZKI, RUSSIAN,
NEMEC AND HOFF, LTD.
835 McClintock Drive, Second Floor
Burr Ridge, Illinois 60527
630/655-6000

370168.1

9