**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CLEARBROOK, an Illinois corporation, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 08 C 2653 |
| ) | |
| TEMPERATURE EQUIPMENT ) | Judge Gettleman |
| CORPORATION, an Illinois corporation, ) | |
| doing business as HARRY ALTER CO., ) | |
| and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT TEMPERATURE EQUIPMENT CORPORATION'S**
**RULE 12(b)(6) MOTION TO DISMISS COUNTS II AND III**

Defendant, TEMPERATURE EQUIPMENT CORPORATION doing business as HARRY ALTER CO. ("TEC"), by its attorneys, DONALD S. ROTHSCHILD and BRIAN M DOUGHERTY of GOLDSTINE, SKRODZKI, RUSSIAN, NEMEC AND HOFF, LTD., pursuant to Rule 12(b)(6) (Fed.R.Civ.Proc. 12(b)(6)), submits its Motion to Dismiss Counts II and III of Plaintiff's Complaint, and states as follows:

1.   On March 27, 2008, Plaintiff filed a three-count class action complaint in the Circuit Court of Cook County, Illinois against TEC alleging a violation of the Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA") (Count I), violation of Section 2 of the Consumer Fraud Deceptive Business Practices Act (815 ILCS 505/2) "(CFA") (Count II), and conversion (Count III). Plaintiff claims that TEC sent a one-page, unsolicited, facsimile transmission to Plaintiff that advertised that availability of a product warranty.

2.   On May 8, 2008, TEC timely filed its Notice of Removal with the United States

District Court for the Northern District of Illinois since Count I arises under federal law.

3.  On May 15, 2008, TEC timely filed this instant motion to dismiss.[1]  Count II must be dismissed since there are no allegations that a one-page fax transmission was oppressive and that substantial injury was caused as a result of its transmittal.  To the extent Plaintiff attempts to plead standing under the "consumer nexus" test, Plaintiff allegations are insufficient.

4.  Count III should be dismissed since no claim for conversion exists under the allegations.  Specifically, Plaintiff cannot claim that TEC exerted dominion and control over the paper and ink/toner used to print the fax, which at all times remained in Plaintiff's possession and control.  Moreover, Plaintiff's damages are trivial and do not amount to a serious interference with its rights.

WHEREFORE, Defendant, TEMPERATURE EQUIPMENT CORPORATION doing business as HARRY ALTER CO., respectfully request that this Court enter an order dismissing Counts II and III of Plaintiff's Complaint and award all other relied this Court deems equitable and just.

Respectfully submitted,

TEMPERATURE EQUIPMENT
CORPORATION, doing business as
HARRY ALTER CO.

By:  /s/ Donald S. Rothschild
        One of Its Attorneys

---

[1] Under Rule 81(c)(2)(c), after removal, a defendant must answer or present defenses 5 days after the notice of removal is filed.  Under Rule 6(a)(2), if the time prescribed for performing an act is less than 11 days, then intermediate Saturdays and Sundays are excluded.

Goldstine, Skrodzki, Russian,
Nemec and Hoff, Ltd.
Donald S. Rothschild
Brian M. Dougherty
835 McClintock Drive, Second Floor
Burr Ridge, IL 60527
630/655-6000
Attorney No. 00404

## CERTIFICATE OF SERVICE

      I, Donald S. Rothschild, an attorney, certify that I served a copy of ***Defendant Temperature Equipment Corporation's Rule 12(b)(6) Motion to Dismiss Counts II and III*** was filed with the United States District Court via electronic submission through CM/ECF and was served on all registered participants on May 15, 2008.

      /s/ Donald S. Rothschild
      Attorney for Defendant Temperature
      Equipment Corporation

Donald S. Rothschild
Brian M. Dougherty
GOLDSTINE, SKRODZKI, RUSSIAN,
NEMEC AND HOFF, LTD.
835 McClintock Drive, Second Floor
Burr Ridge, Illinois 60527