IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEARBROOK, an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 2653 |
| | ) | |
| TEMPERATURE EQUIPMENT CORPORATION, | ) ) | Judge Gettleman |
| doing business as HARRY ALTER CO., | ) | Magistrate Judge Keys |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff Clearbrook, an Illinois Corp., by and through its attorneys respectfully request that the Court enter an order granting it leave to amend its complaint and deem the amended complaint filed *instanter*. A copy of plaintiff's proposed Amended Complaint is attached hereto as Appendix A.

In support of its motion, plaintiff states:

1. This action was filed in state court on March 27, 2008.

2. Defendant filed a notice of removal on May 8, 2008.

3. On May 15, 2008, defendant filed a Motion to Dismiss Counts II and III of plaintiff's complaint which is noticed for presentment on May 22, 2008.

4. Plaintiff now seeks to amend its complaint in order to remove Counts II and III and alter the jurisdictional allegations relating to Count I.

5. Fed.R.Civ.Proc. 15(a) provides that "leave [to file an amended complaint]

1

shall be freely given when justice so requires."  A district court should only deny a motion to amend a complaint if there is a substantial reason to do so.  Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984)  ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial");  Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

      6.     The amendments will not cause any prejudice to the defendant.  See  Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely");  Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

      7.     Plaintiff files its motion in good faith and for good cause.

WHEREFORE, Clearbrook, an Illinois Corp., respectfully requests that the Court enter an order granting it leave to file the amended complaint attached hereto as Appendix A, and deem it filed *instanter*.

          Respectfully submitted,

          /s/ Julie Clark
          Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

        I, Julie Clark, certify that on May 19, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Donald S. Rothschild
dsr@gsrnh.com

Brian Michael Dougherty
bmd@gsrnh.com

                                    /s/Julie Clark
                                    Julie Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLEARBROOK, an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 2653 |
| | ) | |
| TEMPERATURE EQUIPMENT CORPORATION, | ) ) | Judge Gettleman |
| doing business as HARRY ALTER CO., | ) | Magistrate Judge Keys |
| and JOHN DOES 1-10, | ) ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Clearbrook, an Illinois Corp., brings this action to secure redress for the actions of defendant Temperature Equipment Corp. d/b/a Harry Alter Co. in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.  The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3. Plaintiff Clearbrook is a corporation with offices in Cook County, Illinois, where it maintains telephone facsimile equipment.

4. Defendant Temperature Equipment Corporation is a Illinois corporation that does business as Harry Alter Company. It has offices at 17725 Volbrecht Road, Lansing, Illinois 60438.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1367.

7. Venue and personal jurisdiction in this District are proper because:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

## FACTS

8. During the year prior to the filing of this action, plaintiff Clearbrook received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

9. Discovery may reveal the transmission of additional faxes as well.

10. Defendant Temperature Equipment Corp. d/b/a Harry Alter Co. is responsible for sending or causing the sending of the faxes.

11. Defendant Temperature Equipment Corp. d/b/a Harry Alter Co. as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

12. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13. On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

14. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

16. Plaintiff incorporates ¶¶ 1-15.

17. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

18. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

20. Plaintiff and each class member is entitled to statutory damages.

21. Defendant violated the TCPA even if its actions were only negligent.

22. Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

23. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons and entities with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant Temperature Equipment Corp. d/b/a Harry Alter Co., and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Temperature Equipment Corp. d/b/a Harry Alter Co. promoting its goods or services for sale.

24. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

4

25. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

   b. The manner in which defendant compiled or obtained their list of fax numbers;

   c. Whether defendant thereby violated the TCPA;

   d. Whether defendant thereby engaged in unfair acts and practices, in violation of the ICFA.

   e. Whether defendant thereby converted the property of plaintiff.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

28. Several courts have certified class actions under the TCPA. <u>Hinman v. M & M Rental Ctr.</u>, 2008 U.S. Dist. LEXIS 27835 (N.D. Ill. Apr. 7, 2008); <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc.</u>, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v. C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); <u>ESI Ergonomic Solutions, LLC v.</u>

United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

29. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Actual damages;

    b. Statutory damages;

    c. An injunction against the further transmission of unsolicited fax advertising;

    d. Costs of suit;

    e. Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN**

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

                       /s/ Daniel A. Edelman
                       Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\21181\Pleading\First Amended Complaint_Pleading.WPD

# EXHIBIT A



# PAYNE Warranty Enhancement



## Payne 10 Year Limited Warranty

Effective 3/1/2008, Payne Heating and Cooling is introducing a 10-year parts limited warranty to the products registered by calling 1-888-417-2963 or online at www.payne.com within 90 days of homeowner purchase. Payne warranties are only valid to the original single-family homeowner at the time of Payne equipment installation. Please encourage your dealers to assist homeowners in registering their Payne products to activate the 10-year warranty! Products not registered within 90 days of purchase will carry only the default 5-year parts limited warranty to the original homeowners.

Equipment in factory, distributor and dealer inventory will qualify for the 10-year warranty if the product is registered by calling 1-888-417-2963 or online at www.payne.com within 90 days of homeowner purchase following the March 1, 2008 effective date.

| Product Description | Product Family | Warranty Card Catalog Number |
|---|---|---|
| Air Conditioners & Heat Pumps | PA13, PA3, PA14, PA4, PH13, PH3, PH14, PH4 | 39004DP337 |
| 80% Gas Furnaces | PG8 | 39004DP338 |
| 90% Gas Furnaces | PG9 | 39004DP339 |
| Small Packaged Products | PA3P, PH3P, PY3P, PA3Z, PH3Z | 39004DP336 |

Only Tin-Plated evaporator and fan coils will carry a 10 year warranty.

## PAYNE EQUIPMENT IS BUILT TO LAST
## VERY ATTRACTIVE PRICING TO THE TRADE

Please call the Harry Alter location nearest you to place your orders today !

If you wish to be excluded from future fax advertisement, please send an email to TECMarketing@tecmungo.com or call 708-418-7962 identifying the relevant fax number that is to be removed from future advertisements

---

Please visit one of our 15 convienient locations

| | | | | |
|---|---|---|---|---|
| Alsip | Elgin | Lansing | Melrose Park | Rockford |
| 708-371-9711 | 847-429-0818 | 708-418-3062 | 708-681-6220 | 815-397-1818 |
| Chicago NW Hwy | Elk Grove Village | Libertyville | Naperville | South Bend, IN |
| 773-775-6551 | 847-952-1017 | 847-918-2150 | 630-305-3800 | 574-289-6356 |
| Chicago Oakley | Joliet | Lyons | Northfield | Valparaiso, IN |
| 312-243-4133 | 815-730-0336 | 708-442-8542 | 847-446-4343 | 219-531-9444 |